| | : | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-1293 (KAD) |
| | : | |
| v. | : | |
| | : | |
| AMANDA HANNAH, et al., | : | |
| Defendants. | : | |
| | : | |

# INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Conquistador asserts claims for retaliation, deliberate indifference, unreasonable search and seizure, and harassment against fifteen defendants who work at Garner Correctional Institution ("Garner"): Warden Amanda Hannah; Deputy Warden Egan; Captains Hughes, G. Hurdle, Fahd Syed, and Thomas Kenny; Counselor Supervisor Calderon; Counselors Elvis Ibiserie, Verrastro, and Darlene O'Donnell; and Officers Adams, Major, Allegne, Torres, and Rehm. Conquistador seeks damages and injunctive relief against the defendants in their individual and official capacities. The complaint was received on August 19, 2019, and Conquistador's motion to proceed *in forma pauperis* was granted on August 29, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On August 14, 2019, Captain Hughes and Officer Major confiscated Conquistador's legal files and law books. Doc. No. 1, ¶ 1. When questioned by Conquistador, Captain Hughes stated that they wanted to look at some of Conquistador's lawsuits. *Id.* ¶¶ 2-3. Conquistador told him that going through his papers was against the law. *Id.* ¶ 4. Captain Hughes stated that they were the law and told Conquistador to sue him. *Id.* ¶ 5.

Later that day, Conquistador complained to Warden Hannah who told Conquistador that it was not her problem and walked away. *Id.* ¶ 6. When Conquistador told Warden Hannah that he would file a lawsuit against her, she told him that was why his materials were taken. *Id.* ¶ 7. Deputy Warden Egan refused to speak with Conquistador during his tour of the housing unit. When Conquistador threatened to file a lawsuit against him, Deputy Warden Egan stated that he

did not care. *Id.* ¶ 8.

The following day, Conquistador spoke with Captain Hurdle, who told Conquistador that having his legal materials in segregation was a privilege, not a right. *Id.* ¶ 9. Conquistador told Captain Hurdle that he would file a lawsuit against him. *Id.* ¶ 10.

On several occasions, Conquistador told Captain Syed that Officer Rehm had harassed him by calling him "a spic" and making a mess of Conquistador's cell every other day. *Id.* ¶ 11. Conquistador assumes that Captain Syed did not address the issue as the actions continued. *Id.* ¶ 12. Conquistador also made several complaints to Captain Syed that Officers Rehm, Torres, and Allegne denied him his one-hour out-of-cell recreation time and razors to shave. *Id.* ¶ 13. Captain Syed did nothing. *Id.* ¶ 14.

On several occasions, Counselors Verrastro and O'Donnell denied Conquistador a legal call to mark documents he had filed in state court. *Id.* ¶ 15. He complained to Warden Hannah, Deputy Warden Egan, and Counselor Supervisor Calderon about the denial of legal calls to the court but nothing was done. Conquistador also reported the issue to Captain Kenny but he also denied Conquistador legal calls. *Id.* ¶ 16.

On multiple occasions counselors Ibiserie, Verrastro and O'Donnell refused to electronically file documents for Conquistador. *Id.* ¶ 17. Although Conquistador complained to defendants Hannah, Egan, Hurdle, Syed, Kenny, and Calderon, nothing was done. Conquistador states that he electronically filed documents weeks earlier but had not received the Notice of Electronic Filing confirming receipt of the documents. *Id.* ¶ 18.

On multiple occasions, counselors Ibiserie, Verrastro, and O'Donnell denied Conquistador paper, envelopes, pens, toothbrushes, soap, deodorant, toothpaste, and shampoo.

3

*Id.* ¶ 19. He complained to defendants Hannah, Egan, Hughes, Hurdle, Kenny, Syed, and Calderon, but nothing was done. Conquistador has been denied the above-listed items since February 2019. *Id.* ¶ 20.

On several occasions, Conquistador received his copy of the Sunday edition of the Hartford Courant without the coupons. *Id.* ¶ 21. When he questioned the mailroom, he received an evasive response from Officer Adams. *Id.* ¶ 22. The mailroom has not corrected the problem. *Id.* ¶ 23. Conquistador complained to defendants Hannah, Calderon, Syed, and O'Donnell, but still is not receiving his coupons. *Id.* ¶ 25.

On one occasion, Captain Hurdle directed officers to remove everything from Conquistador's cell. He told Conquistador, "you like filing lawsuits, and I like taking property." Conquistador is currently pursuing an action against Captain Hurdle before the Connecticut Commission on Human Rights and Opportunities. *Id.* ¶ 25.

On August 12, 2019, Officer Rehm told Conquistador to pack his property because he was going to segregation the next day. Officer Rehm would not tell him why. *Id.* ¶ 26. The following day, Officer Rehm came to Conquistador's cell door, asked if Conquistador just threatened him, and walked away. *Id.* ¶ 27. A few minutes later, Lieutenant Lagenheim told Conquistador that Captain Syed wanted Conquistador to go to segregation. *Id.* ¶ 28. Conquistador was held in restrictive housing under a false disciplinary charge issued by Officer Rehm for threatening. His law books and legal boxes were confiscated while in segregation. *Id.* ¶ 29.

**Discussion**

Conquistador identifies his claims as retaliation, deliberate indifference, unreasonable

search and seizure, and harassment in violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments.

**Request and Motions for Injunctive Relief**

Conquistador seeks prospective injunctive relief in his complaint and in two motions [ECF #2, #9]. In his motion for emergency relief, Conquistador stated that he was to be released from custody on August 30, 2019. Doc. No. 9. However, on September 3, 2019, he filed a notice of change of address stating that he had been re-arrested and is now confined at Bridgeport Correctional Center. Doc. No. 11.

An inmate's request for prospective injunctive relief from correctional staff relating to conditions of confinement at a specific correctional facility becomes moot when the inmate is transferred to a different correctional facility. *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("in this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials at that facility"). Here, the requests for injunctive relief in the complaint and the motions relate to Conquistador's confinement at Garner. As he is no longer confined there, all requests for prospective injunctive relief are dismissed as moot.

**First Amendment Claims**

**Retaliation**

Conquistador alleges that Lieutenant Hurdle ordered officers to remove all property from his cell because Conquistador likes to file lawsuits. This occurred while Conquistador was pursuing a discrimination case against several defendants, including Lieutenant Hurdle, before the Connecticut Commission on Human Rights and Opportunities. To state a retaliation claim,

5

Conquistador must allege facts showing "(1) that the speech or conduct at issue was protected. (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted).

Filing lawsuits is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in judicial or administrative forum is protected activity). As Conquistador has allege facts supporting all three elements of a retaliation claim, that claim will proceed against Lieutenant Hurdle.

Conquistador also alleges that Captain Hughes and Officer Major removed Conquistador's legal materials from his cell to read about his lawsuits. When he complained to Warden Hannah and threatened to sue her, she told him that the materials had been taken because he filed lawsuits. The Court liberally construes these allegations to state a retaliation claim against defendants Hughes, Major, Hannah.

Conquistador also alleges that when Deputy Warden Egan refused to speak to him, Conquistador threatened to sue him. This allegation does not state a cognizable retaliation claim as there are no facts showing that defendant Egan's action was the result of Conquistador's previous protected activity.

**Denial of Access to the Courts**

Although Conquistador does not list a First Amendment claim for denial of access to the courts, he does allege that he was not permitted to have his legal materials while in segregation and was not permitted legal calls to the state court. The allegations pertinent to this claim are summarized as follows. Captain Hughes told Conquistador that he does not have a right to have

6

all his legal material while in segregation. On several occasions, Counselors Verrastro and O'Donnell denied Conquistador a legal call to mark documents he had filed in state court. He complained to Warden Hannah, Deputy Warden Egan, Captain Kenny, and Counselor Supervisor Calderon about the denial of legal calls to the court, but nothing was done. Also, on multiple occasions, counselors Ibiserie, Verrastro and O'Donnell refused to electronically file documents for Conquistador. He complained to defendants Hannah, Egan, Hurdle, Syed, Kenny, and Calderon, but nothing was done.

To state a claim for denial of access to the courts, Conquistador must, among other things, allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct, i.e., that he was unable to file an initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim. *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996). Conquistador does not identify any lawsuit he was unable to file or any complaint that was dismissed without a consideration of the merits because of the defendants' actions. And any delay in his case resulting from delays in obtaining legal calls to the court or in filing documents does not constitute an actual injury. *See Murphy v. Feliciano*, No. 3:17-cv-269(VLB), 2017 WL 3698490, at *4 (D. Conn. Aug. 25, 2017) ("delays in communicating with the courts or delays in the ability to work on a legal action do not rise to the level of a constitutional violation") (citation and internal quotation marks omitted) (citing cases). Accordingly, Conquistador fails to state cognizable claims for denial of access to the courts and any such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Fourth Amendment Claim**

Conquistador alleges that he was subjected to unreasonable searches and seizures. He describes three incidents that involve a search or seizure. Conquistador alleges that Captain Hughes and Officer Major confiscated Conquistador's legal files and law books when he was sent to segregation, Officer Rehm messed up his cell every other day, and someone removed the coupons from his Sunday newspaper.

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Thus, Conquistador's claims against Officer Rehm for unreasonable cell searches is not cognizable under the Fourth Amendment.

Nor does the Fourth Amendment apply when property is taken from an inmate's cell. *See id.* at 528 n.8 ("the same reasoning that lead us to conclude that the Fourth Amendment's proscription against unreasonable searches in inapplicable in a prison cell, apply with controlling force to seizures) and at 540 (O'Connor, J., concurring) ("[T]he constitutional sources that provide [prisoners'] property with protection … [are] the Fifth and Fourteenth Amendments not the Search and Seizure Clause of the Fourth Amendment."); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1988) ("[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property."), *cert. denied*, 493 U.S. 868 (1989). Thus, Conquistador's claim against Captain Hughes and Officer Major for removing his legal materials from his cell is not cognizable under the Fourth Amendment. All Fourth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Fourteenth Amendment Claim**

The Due Process Clause of the Fourteenth Amendment protects inmates against the

denial of a protected property interest without due process of law. A prisoner can state a due process claim for lost property only if the state has not created adequate post-deprivation remedies. *See Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (citing *Hudson*, 468 U.S. at 533). The existence of state remedies, therefore, determines whether a Fourteenth Amendment claim for deprivation of property without due process is cognizable in federal court.

Connecticut provides a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141, et seq., a prisoner may bring a claim against the Connecticut Claims Commission unless there is another administrative remedy for his claim. See Conn. Gen. Stat. § 4-142. The Department of Correction has established an administrative remedy for lost or destroyed property. See Department of Correction Administrative 9.6(16)(B), available at portal.ct.gov/DOC. Thus, a prisoner must first utilize this administrative remedy and then can proceed to the Claims Commission if his claim is denied.

Because these remedies were available to Conquistador, his due process claims are not cognizable. All Fourteenth Amendment property claims are dismissed under 28 U.S.C. § 1915A(b)(1).

Conquistador also alleges that he was sent to segregation on August 13, 2019 on a false disciplinary charge. A false accusation, without more, is not cognizable under section 1983 as a denial of due process. *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2005); *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongfully accused of conduct which may result in the deprivation of a protected liberty interest."). A false disciplinary report "violates due process only where either procedural protections were denied that would have allowed the inmate to

9

expose the falsity of the evidence against him … or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights…." *Mitchell*, 158 F. App'x at 349 (citation omitted). Plaintiff does not allege any retaliatory motive or denial of procedural protections. Thus, any due process claim relating to his confinement in segregation is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Eighth Amendment Claims**

The court construes Conquistador's Eighth Amendment claim as one challenging his conditions of confinement. He alleges that Officers Rehm, Torres, and Allegne denied him his one-hour out-of-cell recreation time and razors to shave, He also alleges that counselors Ibiserie, Verrastro, and O'Donnell denied him paper, envelopes, pens, toothbrushes, soap, deodorant, toothpaste, and shampoo from February 2019 through the filing of the complaint in mid-August 2019.

To state an Eighth Amendment claim for unconstitutional conditions of confinement, Conquistador must allege that: "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citations omitted).

To satisfy the objective component of the test, Conquistador must allege facts showing that the conditions of confinement deprived him of a "basis human needs," such as "food, clothing, medical care, and reasonable safety." *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir.2002) (per curiam). Conditions may be considered in the aggregate "only when they have a

mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (noting that "low cell temperature at night combined with a failure to issue blankets" may establish an Eighth Amendment violation). "[T]here is no static test to determine whether a deprivation is sufficiently serious; the conditions themselves must be evaluated in light of contemporary standards of decency." *Jabbar v. Fischer,* 683 F.3d 54, 57 (2d Cir.2012) (citation and internal quotation marks omitted).

Subjectively, Conquistador must show that the defendants were more than negligent. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). "The prison official must know of, and disregard, an excessive risk to inmate health or safety." *Jabbar*, 683 F.3d at 57. Conquistador may satisfy this component by presenting evidence that a risk was "obvious or otherwise must have been known to a defendant*."* *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003).

Conquistador alleges that counselors Ibiserie, Verrastro, and O'Donnell denied him two groups of items from February 2019 through the filing of his complaint in August 2019. The first group consists of paper, envelopes, and pens; the second of toothbrushes, soap, deodorant, toothpaste, and shampoo. He also alleges that Officers Rehm, Torres, and Allegne denied him his one-hour out-of-cell recreation time and razors to shave. He does not indicate a duration for the denial of out-of-cell recreation or razors.

Although Conquistador alleges that he had no paper or pens for six months, the Court notes that during the relevant time period he filed a new lawsuit, *Conquistador v. Adamaitis*, No. 3:19-cv-430(KAD), in federal court on March 22, 2019 and filed numerous motions in that case; filed an amended complaint and numerous motions in *Conquistador v. Meriden et al.*, No. 3:18-

cv-685(KAD); and filed motions as well as opposition papers to a motion for summary judgment in *Conquistador v. Zweibelson et al.*, No. 3:17-cv-132(KAD). Considering the number of filings, the Court concludes that any limitation on paper, pens, or envelopes did not deny Conquistador a basis human need. Any conditions of confinement claim based on the denial of paper, pens, or envelopes is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The second group of items implicates Conquistador's ability to maintain proper hygiene. "The failure to provide prisoners with toiletries and other hygienic materials may rise to the level of a constitutional violation." *Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013); *see also Townsend v. Sweet*, No. 3:19-cv-580(SRU), 2019 WL 4139469, at *7 (D. Conn. Aug. 30, 2019) (permitting Eighth Amendment conditions claim based on denial of hygiene items and clean clothing for several days to proceed on initial review); *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 406 (S.D.N.Y. 2005) ("The failure to regularly provide prisoners with … toilet articles including soap, razors, combs, toothpaste, toilet paper, [and] access to a mirror … constitutes a denial of personal hygiene and sanitary living conditions."). Conquistador alleges that he was denied personal hygiene items for six months. The Court will permit this claim to proceed at this time against Ibiserie, Vellastro and O'Donnell.

Conquistador also alleges that he complained about this deprivation to supervisory defendants Hannah, Egan, Hughes, Hurdle, Kenny, Syed, and Calderon but nothing was done.

> To state a claim for supervisory liability, a plaintiff must establish that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the constitutional violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

> deliberate indifference … by failing to act on information indicating that unconstitutional acts were occurring.

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Merriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989) (to impose supervisory liability prisoner must allege that official had actual or constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act). As Conquistador alleges that he personally informed the supervisory defendants of the issues, he meets the second criterion. The claim against these supervisory officials will proceed as well.

Conquistador next alleges that Officers Rehm, Torres, and Allegne denied him out-of-cell recreation on multiple occasions and Captain Syed did nothing about it. Both the Supreme Court and the Court of Appeals for the Second Circuit recognize that exercise is a basic human need that must be provided for inmates. *See Wilson v. Seiter,* 501 U.S. 294, 304–05 (1991); *Williams v. Greifinger,* 97 F.3d 699, 704 (2d Cir.1996); *Sostre v. McGinnis,* 442 F.2d 178, 193 & n. 25 (2d Cir.1971) (en banc), *cert. denied,* 404 U.S. 1049 (1972). Whether an inmate can state a cognizable claim, however, depends on the duration of the deprivation. The courts have dismissed claims for deprivations of exercise for relatively short periods. *See, e.g., Branham v. Meachum,* 77 F.3d 626, 630–31 (2d Cir.1996) (finding that keeping inmate on full restraint status without outdoor recreation for twenty-two days does not state Eighth Amendment claim); *Riddick v. Arnone*, No. 3:11–CV–631(SRU), 2012 WL 2716355, at *5 (D. Conn. July 9, 2012) (denial of out-of-cell recreation for ten days is *de minimis* and does not rise to level of Eighth Amendment claim).

Conquistador alleges only that he complained about a denial of out-of-cell recreation multiple times. He does not indicate the number of times he was denied recreation or whether he was denied out-of-cell recreation for a steady period or sporadically. The complaint contains insufficient information to enable the Court to determine whether Conquistador can state a plausible claim for denial of out-of-cell recreation. Accordingly, the Court will permit Conquistador to file an amended complaint with additional factual allegations in support of this claim.

### Harassment

Conquistador alleges that Officer Rehm called him derogatory names and the defendants discriminated against him. Verbal harassment or threats unaccompanied by physical injury are not cognizable under the Eighth Amendment. *See Felder v. Filion*, 368 F. App'x 253, 256 (2d Cir. 2010) (allegation of verbal threats without evidence of any injury resulting from those threats insufficient to constitute Eighth Amendment violation) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). Conquistador does not allege that he suffered any physical injury as a result of Officer Rehm's comments. The claim against Officer Rehm for verbal harassment is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Conquistador generally alleges that the defendants discriminated against him. He does not allege any particular facts to support this conclusory statement. The Court considers this statement to be a general reference to all the claims discussed above and not a distinct claim.

### Request for Damages

Conquistador seeks damages but does not specify whether he seeks damages from the defendants in their individual or official capacities. The Eleventh Amendment bars claims for

damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Conquistador has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Orders**

For all the foregoing reasons, all First Amendment access to courts claims; all Fourth and Fourteenth Amendment claims; the Eighth Amendment harassment claims; the Eighth Amendment conditions of confinement claim for denial of paper, pens, and envelopes; all requests for injunctive relief; and all requests for damages from the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). The Eighth Amendment claim for denial of out-of-cell recreation **is DISMISSED** without prejudice to filing an amended complaint. The Clerk is directed to terminate Adams, Rehm, Torres and Allegne as defendants in this case.

The case will proceed on Conquistador's First Amendment retaliation claims against Lieutenant Hurdle, Officer Hughes, Officer Major and Warden Hannah. The case will proceed on the Eighth Amendment conditions of confinement claim and associated supervisory liability claims against defendants Ibiserie, Verrastro, O'Donnell, Hannah, Egan, Hughes, Hurdle, Syed, Kenny, and Calderon for denial of personal hygiene items.

Conquistador may file an amended complaint if he wishes to pursue his Eighth Amendment claim against Rehm, Torres and Allegne for the denial of out-of-cell recreation.

Any amended complaint shall include the Eighth Amendment out-of-cell recreation claim and only those other claims permitted by this order. Any amended complaint shall be filed on or before October 4, 2019.

Conquistador's Emergency Motion to Compel [**Doc. No. 2**] and Emergency Motion for Relief [**Doc. No. 9**] are **DENIED** as moot.

The Court enters the following additional orders:

(1) **The Clerk shall** verify the current work addresses for defendants Hurdle, Ibiserie, Verrastro, O'Donnell, Hannah, Egan, Hughes, Major, Syed, Kenny, and Calderon with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided on or before October 3, 2019, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) T**he Clerk shall** send Conquistador a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed on or before **April 12, 20120**. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed on or before **May 12, 2020.**

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Conquistador changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Conquistador must give notice of a new address even if he is incarcerated. Conquistador should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Conquistador has more than one pending case, he should indicate all the case numbers in the notification of change of address. Conquistador should also notify the defendants or the attorney for the defendants of his new address.

(9) Conquistador shall utilize the Prisoner Efiling Program when filing documents with the court. Conquistador is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Conquistador.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of September 2019.

/s/
Kari A. Dooley
United States District Judge