UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN K. CONQUISTADOR, | ) | CASE NO. 3:19-cv-1293 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMANDA HANNAH, et al., | ) | DECEMBER 20, 2022 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF. No. 112)**

Kari A. Dooley, United States District Judge:

The plaintiff, Jean K. Conquistador ("Conquistador"), commenced this civil rights action asserting claims for retaliation, deliberate indifference, unreasonable search and seizure, and harassment against fifteen defendants. Following initial review, the remaining claims are First Amendment retaliation claims against defendants Hurdle, Hughes, Major, and Hannah; and Eighth Amendment conditions of confinement and associated supervisory liability claims against defendants Ibiserie, Verrastro, O'Donnell, Hannah, Egan, Hughes, Hurdle, Syed, Kenny, and Calderon. *See* Initial Review Order, ECF No. 12, at 15. The defendants seek summary judgment on all claims on the ground that Conquistador failed to properly exhaust his administrative remedies before commencing this action. For the following reasons, the motion for summary judgment is GRANTED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir.

2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense. . . ." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts**[1]

Conquistador's retaliation claim is based on his allegation that, on August 14, 2019 at Garner Correctional Institution ("Garner"), Lieutenant Hurdle ordered Officers Hughes and Major to confiscate his legal files and law books. Defs.' Local Rule 56(a)1 Statement, ECF No. 112-2, ¶ 1. Later that day, Warden Hannah allegedly told Conquistador that his materials were confiscated because he files lawsuits. *Id.* ¶ 2. The following day, Lieutenant Hurdle told Conquistador that having legal materials in restrictive housing was a privilege, not a right. *Id.* ¶ 3.

Conquistador's conditions of confinement claim is based on his allegation that between February and August 2019, the defendants denied him toothbrushes, toothpaste, soap, deodorant, and shampoo. *Id.* ¶ 5. Conquistador complained to the supervisory defendants, Hannah, Calderon, Egan, Hughes, Hurdle, Kenny, and Syed, but nothing was done. *Id.* ¶ 6.

Conquistador was confined at Garner from February 13, 2019 until August 30, 2019. *Id.* ¶ 13. On March 29, 2019, Warden Corcella placed Conquistador on grievance restriction. Defs.' Am. Resp. Ex. B(1), ECF No. 169-3 at 1. Warden Corcella noted that Conquistador had filed eight grievance forms between March 1, 2019, and March 25, 2019, and a ninth on March 28, 2019. *Id.* Warden Corcella ordered that Conquistador could file only two grievances per month through

---

[1] The facts are taken from the defendants' Local Rule 56(a) Statements and supporting exhibits and the exhibits filed in support of their amended response to Conquistador's opposition. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement containing separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3.

The defendants informed Conquistador of this requirement. *See* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, ECF No. 112-10. Although Conquistador has responded to the motion, ECF No. 143, he has not filed the required Local Rule 56(a)2 Statement. Accordingly, the defendants' facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

September 29, 2019, and cautioned him that, if he violated this restriction, he would be subject to additional restrictions. *Id.*

Conquistador filed three grievances in April 2019: on April 5, April 15, and April 22. Defs.' Am. Resp Ex. B(2), ECF No. 169-3 at 2. Thus, on April 23, 2019, Warden Hannah imposed additional restrictions; from that date through March 29, 2020, Conquistador could file only one grievance per month. *Id.* Warden Hannah cautioned Conquistador that "[v]iolation of these restrictions will result in disciplinary action and may result in the modification or extension of your restrictions." *Id.*

The Administrative Remedies Coordinator at Garner, the person responsible for maintaining a record of all grievances, has reviewed all grievances filed by Conquistador while he was confined at Garner. ECF No. 112-2 ¶¶ 8, 16. Conquistador filed one inmate request, but no grievances, relating to the August 14, 2019, cell search. *Id.* ¶ 17. Conquistador filed no grievances regarding the lack of personal hygiene items. *Id.* ¶ 18.

Conquistador filed one grievance in August 2019. Am. Suppl. Aff. of Correctional Counselor Kingsley, ECF No. 169-1, ¶ 10. The August 5, 2019 grievance related to an occurrence on June 16, 2019 and was denied as untimely filed because grievances must be filed within thirty days of the occurrence. *Id.* ¶¶ 10-12.

On August 30, 2019, Conquistador was discharged from Garner and reincarcerated at Bridgeport Correctional Center ("Bridgeport"). ECF No. 112-2 ¶ 19; ECF No. 169-5. The Administrative Remedies Coordinator at Bridgeport states that Conquistador filed no grievances from August 30, 2019 through October 1, 2019. ECF No. 112-7 ¶¶ 11-12; ECF No. 169-2 ¶¶ 6-7.

**Discussion**

The defendants assert that Conquistador failed to properly exhaust his administrative remedies prior to bringing any of the claims in this lawsuit. The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by . . . making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters

5

sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-cv-6606 (RJS), 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir. 2001).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 643-44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, an administrative

6

remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643. The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-cv-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Exhaustion of administrative remedies is an affirmative defense. Thus, the defendants bear the burden of proof. *See Jones*, 549 U.S. at 216. Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies. *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability").

The general inmate grievance procedure is set forth in Administrative Directive 9.6. *See* Defs.' Mot. Ex. B, ECF No. 112-3 (version of Directive 9.6 in effect at the time of the underlying incidents). An inmate must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. Dir. 9.6(6)(A). If attempts to resolve the matter verbally are not effective, the inmate must make a written attempt using a specified form and send the form to the appropriate staff member or supervisor. *Id.* If an inmate does not receive a response to the written request within fifteen business days, or the inmate

is not satisfied with the response to his request, he may file a Level 1 grievance. Dir. 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *Id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. Dir. 9.6(6)(I). The Unit Administrator may extend the response time by up to fifteen business days upon notice to the inmate on the prescribed form. Dir. 9.6(6)(J).

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator, or the Unit Administrator's failure to dispose of the grievance in a timely manner, to Level 2. Dir. 9.6(6)(G), (I) & (K). The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. Dir. 9.6(6)(K). The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate and is decided by the District Administrator. Dir. 9.6(6)(M).

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator. Dir. 9.6(6)(L).

Conquistador commenced this action by complaint filed on August 19, 2019. Thus, he must have completed the exhaustion process by that date. *See Baez*, 278 F. App'x at 29 (exhaustion must be completed before the inmate files suit).

The defendants have presented evidence showing that, although Conquistador filed several

8

grievances while he was confined at Garner, he filed no grievance concerning the retaliatory confiscation of his legal materials on August 14, 2019, or the denial of personal hygiene items from February 2019 through August 2019. In opposition, Conquistador states that he was unable to exhaust his administrative remedies as he was on grievance restriction and Warden Hannah "threatened disciplinary action of any grievances were filed during that period. . . ." ECF No. 143 at 1. He concedes in his affidavit that he is aware of the exhaustion requirement and has utilized the grievance procedures as least thirty times while incarcerated. Pl.'s Decl., ECF No. 143-1 at 2, ¶¶ 8-9.

Conquistador would be permitted to proceed on his claims in federal court if the grievance restrictions truly prevented him from exhausting his administrative remedies. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (PLRA's "exhaustion requirement would not preclude [prisoner] from asserting § 1983 claims in federal court that were barred by grievance restrictions"); *Ziemba v. Wezner*, 366 F.3d 161, 163–64 (2d Cir. 2004) (per curiam) (holding that defendants may be estopped from asserting failure to exhaustion as an affirmative defense if they have deliberately obstructed access to grievance system). Thus, the issue the court must address is whether the grievance restrictions on Conquistador rendered administrative remedies unavailable to him. The court considers the two claims separately.

**Conditions of Confinement**

Conquistador alleges that he was denied all personal hygiene items beginning on his arrival at Garner on February 13, 2019, through the filing of this action on August 19, 2019. Conquistador was required to file his grievance on this issue within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance. Dir. 9.6(6)(C). He was first aware that he

9

did not receive hygiene items on February 13, 2019. Although Conquistador's circumstances may have become more dire the longer he was without hygiene items, he was aware that he did not receive them in February 2019, and should have filed his grievance within thirty days from the date the items were first denied to him.

Conquistador concedes that he is well-acquainted with the grievance procedures. Thus, he was aware that he was required to file his grievance no later than March 15, 2019, thirty calendar days after he discovered the cause of his grievance. *See Jordan v. Cook*, No. 3:20-cv-00491 (VAB), 2022 WL 743045, at *8 (D. Conn. Mar. 11, 2022) (dismissing general challenge to restrictive housing conditions for failure to exhaust administrative remedies and noting that plaintiff's grievance was properly denied as untimely filed when inmate knew of conditions beginning on May 31, 2019, but did not file grievance until October 23, 2019).

Conquistador was first placed on grievance restriction on March 29, 2019, after the time for filing the Level 1 grievance had passed. Thus, the grievance restrictions did not prevent Conquistador from properly exhausting his administrative remedies on his conditions of confinement claim. *See Pena v. Semple*, No. 3:19-cv-124 (KAD), 2021 WL 311278, at *10 (D. Conn. Jan. 29, 2021) (placement on grievance restriction did not excuse failure to timely exhaust available administrative remedies where time to properly file grievance expired before grievance restriction imposed).

Conquistador alleges that he complained about the lack of toiletries to several defendants. However, informal resolution attempts are insufficient to demonstrate exhaustion. *See Macias*, 495 F.3d at 44 (informal complaints do not satisfy exhaustion requirement). Conquistador did not exhaust available administrative remedies on his conditions of confinement claim. Defendants'

motion for summary judgment is granted on this claim.

**Retaliation**

Conquistador's retaliation claim is based on the confiscation of his legal materials on August 14, 2019. Conquistador had filed an unrelated grievance on August 5, 2019.[2] Thus, he used his one grievance for that month. However, he had thirty days, until September 13, 2019, to timely file a grievance on the confiscation of his legal materials. Defendants have submitted the Supplemental Affidavit of ARC Edwards, the Administrative Remedies Coordinator at Bridgeport Correctional Center, the facility where Conquistador was incarcerated after August 30, 2019. *See* ECF No. 169-2. ARC Edwards searched the grievance records and states that Conquistador filed no grievances at Bridgeport. Conquistador was aware that he could file a grievance in one correctional facility regarding an incident at another correctional facility. In fact, while at Garner, Conquistador filed grievances about incidents at Cheshire Correctional Institution and Osborn Correctional Institution. *See* Am. Suppl. Aff. of Correctional Counselor Kingsley, ECF No. 169-1, ¶ 34. Thus, he could have, but did not, properly exhaust his administrative remedies on the retaliation claim. *See Pena v. Cook*, No. 3:19-cv-825 (KAD), 2020 WL 62575034, at *5 (D. Conn. Oct. 26, 2020) (grievance restriction did not prevent plaintiff from exhausting administrative remedies even though he had filed a grievance in the month of the incident as the thirty-day

---

[2] The grievance Conquistador filed in August 2019, concerned an incident in June 2019 and was, therefore, denied as untimely filed. *See* Am. Suppl. Aff. of Correctional Counselor Kingsley, ECF No. 169-1, ¶¶ 10-12. Because Conquistador is familiar with the grievance procedures, he should have known that the grievance was untimely. Although courts within the Second Circuit have not addressed this issue, other courts have held that inmates should not be permitted to render grievance procedures unavailable by filing grievances they know will be rejected. *See, e.g., Thompson v. Zwikler*, No. 1:13-cv-167, 2013 WL 5538882, at *5 (W.D. Mich. Oct. 8, 2013) ("A prisoner cannot be permitted to make the MDOC's grievance system unavailable through his own abuse of the system. Any contrary approach would produce the absurd result of encouraging prisoners to abuse the grievance process in order to be placed on grievance restriction and thereby obtain the substantial reward of a quick and easy method of getting around the PLRA's entire statutory exhaustion requirement.").

window permitted him to file grievance in the next month); *see also Seiler v. Semple*, No. 3:17-cv-71 (AWT), 2018 WL 3935033, at *3 (D. Conn. Aug. 16, 2018) (noting that grievance restriction did not render grievance procedures unavailable because plaintiff could have elected to use his one grievance that month to file a grievance on the issue asserted in the complaint, or could have filed his grievance on the first day of the next month, which would have been within the thirty-day window). Instead, Conquistador commenced this action five days after the incident, thereby making it impossible to exhaust his administrative remedies before commencing this action.

Conquistador also attempts to excuse his failure to exhaust administrative remedies by arguing that Warden Hannah threatened disciplinary action if he filed any grievances. This argument fails for two reasons. First, Conquistador has misstated the language in the grievance restriction order. Warden Hannah advised Conquistador that he would face disciplinary action if he violated the restrictions, *i.e*., if he filed more than one grievance per month, not if he filed *any* grievances. *See* ECF No. 169-3 at 2. Second, Conquistador did file one grievance in August 2019, and does not allege that he was disciplined for doing so.

Because Conquistador did not exhaust his available administrative remedies on the retaliation claim, the defendants' motion for summary judgment is granted on this claim as well.

**Conclusion**

The defendants' motion for summary judgment **ECF No. 112** is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of December 2022.

 */s/ Kari A. Dooley*
Kari A. Dooley
United States District Judge